GOULD ET AL. *v.* THE STATE OF OHIO.

*Office and officer—Deputy or special constable properly appointed, when—Section 3331, General Code—Extortion in office—Section 12916, General Code—Assessment of excessive costs in criminal prosecution—Evidence of costs taxed by another charged with like offense, admissible—Immaterial whether costs paid personally or by another—Admissions by defendant testifying before State Bureau of Accounting, admissible—Charge to jury—Right of constable to tax transportation expense as costs.*

1. Appointment by justice of peace of one as deputy constable because constable was otherwise engaged in official business, and deputy, having duly taken oath, *held* properly made, under Section 3331, General Code.

2. In prosecution under Section 12916, General Code, for extortion in office in connection with criminal prosecution of one of two persons arrested at same time and charged with like offenses, evidence of costs taxed against and payments made by each of such persons *held* competent, as showing guilty knowledge and corrupt motive by defendants.

3. In prosecution under Section 12916, General Code, for extortion in office in connection with prosecution of particular person, evidence of costs assessed against another person arrested at same time and similarly charged *held* not incompetent, because not paid at same time.

4. In prosecution under Section 12916, General Code, for extortion in office through assessment of excessive costs against person criminally charged, it is immaterial whether person so charged himself paid the costs assessed or procured their payment by another.

5. In prosecution under Section 12916, General Code, for extortion in office, evidence of admissions made by defendant, testifying under oath before State Bureau of Accounting without claim of privilege, *held* properly admitted.

6. In prosecution of constable for extortion in office by assessment of excessive costs in criminal prosecution, where

it developed that defendant constable had paid a particular person $5 for taking him a short distance in automobile to serve two subpoenas, charge that constable had right to pay such person whatever he wanted to, but had no right to tax up amount paid as costs, *held* improper, though not ground for reversal, in absence of evidence that such payment was taxed as costs.

(Decided November 30, 1925.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Johnson, Johnson & Farber,* for plaintiffs in error.

*Mr. Roy R. Stuart,* prosecuting attorney, for defendant in error.

RICHARDS, J. L. H. Gould, who was a justice of the peace of Springfield township, in Lucas county, and his son, Fred Gould, who was acting as constable in his father's court, were jointly indicted and convicted of extortion in office. The indictment charges that under color of their respective offices they unlawfully, knowingly, corruptly, and extorsively did charge, ask, demand, and receive from one Edward F. Minnich the sum of $30 as costs and fees for the performance of their respective official duties in a certain criminal case then pending before said L. H. Gould as justice of the peace. The indictment further charges that $10 of this was for "actual amount paid solely for the transportation, meals, and lodging of prisoners," and that $15 was for "actual amount paid solely for the transportation of goods," whereas nothing was paid for the transportation, meals, or lodging of prisoners, nor for the transportation

of goods, nor was anything allowed by law therefor. The indictment further charges that $5 of the amount was for "transportation to court," meaning the transportation of prisoners to the court of the justice of the peace, whereas no amount of money was due for the transportation of prisoners, nor was any amount of money therefor allowed by law.

The indictment charges that Fred Gould was then and there an officer, to wit, a special constable of the township of Springfield, and it is insisted that the facts do not show he was such an official. The docket of the justice of the peace contains an entry made on the date of the arrest showing that the justice of the peace appointed Fred Gould to serve as deputy constable in the case for the reason that the constable of the township was otherwise engaged in official business, and that Fred Gould duly took the oath of office as constable. Section 3331, General Code, authorizes a justice of the peace to appoint a constable for a special purpose when such appointment becomes necessary, where, from pressure of official business, the constables of the township are not able to perform the duties required by the office. In the opinion of this court the appointment was properly made under that section, and it is not vital whether the appointee be denominated a constable or a special constable.

The evidence shows that on October 6, 1923, a collision of two automobiles occurred on the Chicago pike in Springfield township, this county. One of the cars contained Edward F. Minnich and F. B. Morris, who were promptly arrested, Minnich

being charged with possessing intoxicating liquors,
and Morris, in two separate affidavits, with the
possession of intoxicating liquors and with trans-
porting intoxicating liquor. They were taken
to the office of L. H. Gould, justice of the peace,
who thereupon made the appointment of his son
as constable as already mentioned, and the son
swore out the affidavits against them. The de-
fendants pleaded "not guilty," and were taken to
the Lucas county jail, some 13 miles distant, where
they were confined until the following Monday
morning, when they were again brought back to
the justice court and pleaded "guilty" to the
charges. Minnich was assessed a fine of $100, to-
gether with the costs, taxed at $59.50. Thirty dol-
lars of this amount appears to have been for trans-
portation, meals, and lodging of prisoners and
moving and storage of goods. The significant fact
appears that similar charges, amounting to $30 in
each of the two cases against Morris, were made,
making $90 in the three cases for these items, al-
though Minnich and Morris and the bottle of
whiskey found with them were transported at the
same time by the same vehicle and to the same
place.

It is urged that evidence of the costs taxed and
payments made in the Morris cases was not com-
petent, but in the opinion of the court it was
competent for the purpose of showing guilty
knowledge and a corrupt motive on the part of
the defendants. Not more than $30 was paid for
all the services of this character in the three cases,
although the $30 was taxed as costs in each case
and demanded and collected in each case. It is

urged that the record in the *Morris cases* was not admissible because the payment was not made at the same time as in the *Minnich case*, but the evidence fairly shows that the parties pleaded guilty at the same time, and that the costs were taxed and demanded at the same time. · The prosecution is under Section 12916, General Code, which makes it unlawful to knowingly ask, demand, or receive a reward other than is allowed by law, or to knowingly charge, ask, demand, or receive greater fees or costs than are allowed by law for official duty. In view of the language of the statute, which is followed by the indictment, we think the record in the *Morris cases* was admissible on the subject of knowledge as to the unlawfulness of the costs taxed.

After the fine and costs were assessed against Minnich it developed that he did not have at hand the money with which to make payment, and he thereupon induced a friend named Pilliod to make the payment for him. This payment was made directly to the justice of the peace by Pilliod giving his own check, and was made in the presence of Minnich. The payment not having been made personally by Minnich, it is insisted that the defendants could not be guilty of extorting money from him. On this branch of the case the trial judge charged the jury as follows:

"It is not necessary for the state to prove these fees and costs were paid by the defendant Minnich out of his own pocket. It is sufficient, so far as that branch of the case is concerned, if Minnich, after having been informed by the Justice as to what the costs were, secured somebody to pay

such costs in his behalf. So far as this feature of the case is concerned, a payment by some one else at the request of Minnich and in Minnich's behalf, is equivalent to a payment by Minnich himself.''

We think the paragraph quoted states the law on this subject clearly and accurately and contains no error.

Prior to the return of the indictment L. H. Gould was called before the state bureau of accounting and was sworn and examined with reference to the costs which were taxed and collected in the *Minnich* and *Morris cases*. This testimony was taken in shorthand by a stenographer, and introduced in evidence on the trial of the instant case, and its admission is assigned as error. It does not appear that the witness claimed that such testimony might incriminate him, or that he asserted his privilege in any way, and we think the trial court did not err in admitting the admissions made by him on that occasion. The principle is precisely the same as in the case of testimony given before a grand jury, where the witness does not claim his privilege. The admission of the testimony is justified by *Burke* v. *State,* 104 Ohio St., 220, 135 N. E., 644.

During the trial of the case it developed that the constable had paid one Mrs. McCord $5 for taking him in an automobile a short distance to serve two subpoenas, but the evidence does not show that this $5 paid to Mrs. McCord was taxed as costs in the case. During the charge of the court the trial judge stated to the jury that the constable was not entitled to pay $5 to Mrs. McCord for these services. At the conclusion of the charge

the judge's attention was called to this statement, and he thereupon said to the jury that the constable of course had a right to pay Mrs. McCord whatever he wanted to, but he had no right to tax as costs against the defendants an item of $5 paid for taking him out to serve subpoenas. This was certainly an improper statement to make to the jury, in view of the fact that the constable had not made any charge against the defendants for money paid to Mrs. McCord. However, it is difficult to see that the instruction could be prejudicial to the defendants. The indictment averred the extortionate charging of $30 for amounts paid for transportation, meals, and lodging of prisoners, for the transportation of goods, and for transportation of prisoners to court, and the docket of the justice of the peace showed that these items were demanded, charged, and collected, and, from the evidence and charge of the court, the jury must have found that it was knowingly and corruptly done, and that both defendants actively participated therein. We are of opinion, therefore, that the statement of the judge to the jury in relation to the McCord item of $5 was not prejudicial.

We have given careful examination to all of the other claimed errors, but find none justifying a reversal of the judgment. It will therefore be affirmed.

*Judgment affirmed.*

Williams and Young, JJ., concur.